Scott J. Street (application for admission forthcoming)
JW HOWARD/ATTORNEYS, LTD.
201 South Lake Avenue, Suite 303
Pasadena, CA 91101
Tel.: (213) 205-2800
Email: sstreet@jwhowardattorneys.com

John W. Howard (application for admission forthcoming)
JW HOWARD/ATTORNEYS, LTD.
600 West Broadway, Suite 1400
San Diego, CA 92101
Tel.: (619) 234-2842
Email: johnh@jwhowardattorneys.com

Warner Mendenhall (OH Bar No. 0070165)
(District of Maryland Bar No. 30433)
Mendenhall Law Group
190 N. Union Street, Suite 201
Akron, OH  44304
Tel.: (330) 535-9160
E-Mail: warner@warnermendenhall.com

Attorneys for Plaintiffs
BENJAMIN COLLINS *et al.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF MARYLAND

| | |
|---|---|
| BENJAMIN COLLINS, BINGBING YU, and HEALTH FREEDOM DEFENSE FUND, a Wyoming non-profit public benefit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>UR JADDOU, in his official capacity as Director of U.S. Citizenship and Immigration Services, and MANDY COHEN, in her official capacity as Director of the Centers for Disease Control,<br><br>Defendants. | Case No. 1:24-cv-03330-ELH<br><br>[Assigned to Hon. Ellen L. Hollander]<br><br>**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Filed concurrently with Declarations of Scott J. Street, Leslie Manookian, Ram Duriseti, Benjamin Collins and Bingbing Yu] |

1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs Benjamin Collins and Bingbing Yu will and hereby do move for an order preliminarily enjoining Defendants Ur Jaddou and Mandy Cohen from continuing to demand that green card applicants show proof of COVID-19 vaccination to obtain lawful permanent residence because Congress did not list COVID-19 as one of the diseases for which vaccination can be required and because COVID-19 is not one of the "vaccine-preventable diseases" for which the Centers for Disease Control has discretion to mandate vaccination under federal law.

This motion is made pursuant to Rule 65 of the Federal Rules of Civil Procedure. There is good cause to grant it. Mr. Collins is an American citizen. He intends to move back to the United States this spring. His wife, Ms. Yu, is not an American citizen. She intends to move to the U.S. with her husband and their children (American citizens) but has been unable to obtain a green card because she did not take the COVID-19 shot. That is the only reason she has been denied a green card. She satisfies all other conditions for that benefit.

Time is of the essence. If the Court does not act now, Plaintiffs may be forced to split up, causing irreparable harm to their young family. Meanwhile, Defendants will not suffer any harm. Neither will the public. Tourists who have not taken the COVID-19 shot are allowed to visit the country for months at a time, even multiple times per year. Moreover, reports indicate that potentially millions of unvaccinated people have entered the country illegally during the past few years, undermining any claim that Ms. Yu poses a threat to Americans' health and safety.

Indeed, the CDC now admits that the COVID-19 shot does not prevent the transmission of COVID-19. There is no dispute that COVID-19 is *not* a vaccine-preventable disease. Thus, it is irrational that Defendants continue demanding that green card applicants show proof of COVID-19 vaccination, and the Court should issue a nationwide injunction to ensure that other hard-working and law-abiding

people are not unjustly barred from obtaining lawful permanent residence.

The motion is supported by the attached memorandum of points and authorities, the concurrently filed factual declarations, any additional briefing that will be filed, and any oral argument the Court may entertain on the motion.

Respectfully submitted,

DATED: January 17, 2025   JWHOWARD ATTORNEYS, LTD.
　　　　　　　　　　　　　LAW OFFICES OF WARNER
　　　　　　　　　　　　　MENDENHALL, INC.


By: */s/Warner Mendenhall*
　　　Warner Mendenhall
　　　Attorneys for Plaintiffs
　　　BENJAMIN COLLINS et al.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This should be an easy motion to decide. Federal law dictates what a person must do to obtain lawful permanent residence (in colloquial terms, a green card). That includes showing proof of vaccination for certain diseases.

COVID-19 is not one of the diseases listed in the statute. It couldn't be, as it did not exist when Congress wrote the law. Congress has not amended the statute to include COVID-19, either.

The statute does give the government the power to require that green card applicants show proof of vaccination against any "vaccine-preventable disease" that the Centers for Disease Control recommends. But it can only do that for "vaccine preventable diseases"—that is, a disease that has been eradicated in the United States or can be eradicated through vaccination.

That is critical. Whatever the benefits of the COVID-19 shot (and those are being debated), the shot does not prevent infection. It does not prevent the spread of COVID-19. It will not eradicate COVID-19. That is undisputed. Even the CDC now admits it.

Thus, this is not a discretionary matter. Since COVID-19 is not a vaccine-preventable disease, the United States Citizenship and Immigration Services cannot require that applicants show proof of COVID-19 vaccination to obtain a green card.

But USCIS is still doing that. Indeed, it denied Ms. Yu's application for that reason, and that reason alone. And, unless this Court intervenes, it will continue to deny green card applicants for that reason, including in 2025, when Ms. Yu's family (her husband and children are American citizens) plans to return to the United States and she plans to re-apply for the green card.

The Court should not let that happen. It should enjoin Defendants from requiring that green card applicants show proof of COVID-19 vaccination.

## II.  FACTS

**A. Defendants Add COVID-19 to the List of Required Vaccinations.**

In early 2020, health officials discovered a novel coronavirus that emanated from Wuhan, China. They named the disease caused by it "COVID-19." Declaration of Scott J. Street, dated January 16, 2025 ("Street Dec."), ¶ 3.

The public health response to COVID-19 was unprecedented. It included severe travel restrictions and the mass closures of businesses that health officials deemed too dangerous to operate. *Id.*, ¶ 4.

At the government's urging, several experimental shots were developed to help limit the effects of COVID-19. They were developed quickly to protect those who are at highest risk of getting seriously ill from the virus, especially the elderly and those with multiple comorbidities. *Id.*, ¶ 5.

The companies that developed the first shots, Pfizer and Moderna, acknowledged that the shots would not prevent people from becoming infected with COVID-19. The Centers for Disease Control also eventually acknowledged that. *Id.*, ¶ 6.

Indeed, during the fall of 2021, the Department of Health and Human Services' Centers for Medicare and Medicaid Services (CMS) stated in the *Federal Register* that "the duration of vaccine effectiveness in preventing Covid-19, reducing disease severity, reducing the risk of death, and the effectiveness of the vaccine to prevent disease transmission by those vaccinated are not currently known." 86 Fed. Reg. 61,615 (Nov. 5, 2021).

The CMS also said that "major uncertainties remain as to the future course of the pandemic, including but not limited to vaccine effectiveness in preventing 'breakthrough' disease transmission from those vaccinated, [and] the long-term effectiveness of vaccination …." *Id.*

Despite these statements, the CDC added COVID-19 to the list of "vaccine-

preventable diseases" that people must show proof of vaccination against to obtain lawful permanent residence here. Street Decl., Exh. A. It did so pursuant to 8 U.S.C. § 1182(a)(1)(A)(ii), which precludes relief to those who have "failed to present documentation of having received vaccination against vaccine-preventable diseases, which shall include at least the following diseases: mumps, measles, rubella, polio, tetanus and diphtheria toxoids, pertussis, influenza type B and hepatitis B. and any other vaccinations against vaccine-preventable diseases recommended by the [CDC's] Advisory Committee for Immunization Practices."

COVID-19 was added to this list of "vaccine-preventable diseases" as of October 1, 2021. Street Decl., ¶ 8, Exh. A. It is still on that list, even though, as common experience has shown, the COVID-19 shots do not prevent a person from becoming infected with the virus that causes COVID-19. *Id.*; *see also* Declaration of Ram Duriseti, dated January 10, 2025 ("Duriseti Decl."), ¶ 8.

The evidence of this fact is overwhelming and accepted by the medical and public health communities. Duriseti Decl., ¶¶ 3-8. Indeed, when the newest COVID shots were rolled out in August 2024, FDA doctor Peter Marks said: "The vaccine is not intended to be perfect. It's not going to absolutely prevent COVID-19. But if we can prevent people from getting serious cases that end up in emergency rooms, hospitals or worse — dead — that's what we're trying to do with these vaccines." Street Decl., Exh. B.

Thus, as of 2024, this matter is beyond debate. COVID-19 is not a vaccine-preventable disease. Duriseti Decl., ¶ 8.

Despite this fact, the CDC has not withdrawn its recommendation of COVID-19 as being a "vaccine-preventable disease" that can be required for immigration purposes. And the USCIS continues to deny relief to people who have not taken the COVID-19 shots, including Ms. Yu. Declaration of Bingbing Yu, dated January 15, 2025 ("Yu Decl."), ¶¶ 4-10; *see also* Declaration of Leslie Manookian, dated January

13, 2025 ("Manookian Decl."), ¶¶ 6-7 (discussing denials of other green card applicants who have sought help from HFDF).

### B. Ms. Yu's Efforts to Obtain Lawful Permanent Residence.

Ms. Yu's husband, Mr. Collins, is an American citizen. Declaration of Brandon Collins dated January 15, 2025 ("Collins Decl."), ¶ 2. In 2016, Ms. Yu sought and obtained a green card. Yu Decl., ¶ 3. She did that while living in Japan, where the couple met, as they intended to return to the United States to start a family.

In 2017, the couple's first child was born, in Japan. Yu Decl., ¶ 4. By 2019, they were still there, and they had a second child, and planned to return to the United States.[1] *Id.*, ¶¶ 4-5. But the couple were told that Ms. Yu's first green card may have expired. *Id.* So she started the process of applying for a new one.

By July 2023, the application was complete, and Ms. Yu just needed to appear for her medical appointment. Besides COVID-19, the only vaccination she had not taken was the hepatitis-B vaccine, which she took before the appointment. *Id.*, ¶¶ 5-6. Thus, she had proof of vaccination for all diseases required by the USCIS and the CDC except one: COVID-19. *Id.*

Ms. Yu was denied lawful permanent residence based on her failure to show proof of vaccination against COVID-19. *Id.*, ¶¶ 7-9. That was the only reason given for the decision. *Id.*

Since then, Ms. Yu has obtained a tourist visa and can come to the United States with her family without having taken the COVID-19 shot. *Id.*, ¶ 10. But she cannot stay lawfully after the tourist visa expires and she cannot obtain lawful permanent residence, which she otherwise would be entitled to, if USCIS continues demanding proof of COVID-19 vaccination to obtain that status. *Id.*

This has created a burden on Ms. Yu, her husband, and their family. Yu Decl., ¶¶ 10-12; Collins Decl., ¶¶ 10-12. The family intends to return to the United States

---

[1] The children hold American citizenship through their father.

during the spring of 2025. Yu Decl., ¶ 11; Collins Decl., ¶ 11. Ms. Yu intends to file another application for a green card. But, if Defendants continue requiring proof of COVID-19 vaccination for green card applicants, it will be denied and Ms. Yu must either leave the country after three months, breaking up the family, or stay beyond that unlawfully, risking deportation and potential exclusion from lawful permanent residence after that. Yu Decl., ¶ 11.

### C. Plaintiffs File this Case.

Plaintiffs filed this case late last year, as they finalized their plans to return to the United States in 2025. They did so with the support of Health Freedom Defense Fund ("HFDF"), a non-profit that seeks to advocate for and educate the public on the topics of medical choice, bodily autonomy, and self-determination, and which opposes laws and regulations that force individuals to submit to the administration of medical products, procedures, and devices against their will. Manookian Decl., ¶¶ 2-3.

Notably, HFDF has been contacted by numerous people, from across the United States, who are still being denied lawful permanent residence solely because they did not take the COVID-19 shot. *Id.*, ¶¶ 6-7.

Plaintiffs now seek a preliminary injunction that would prohibit Defendants from denying Ms. Yu a green card based on her failure to take the COVID-19 shot. Given the important public nature of this issue, and the likelihood of success on the merits, Plaintiffs also request that the Court extend the injunction nationally, prohibiting Defendants from denying lawful permanent residence to anybody because they did not take the COVID-19 shot.

### III. <u>LEGAL STANDARD</u>

To obtain a preliminary injunction, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council,*

*Inc.*, 555 U.S. 7, 20 (2008). This includes showing that the threat of irreparable harm is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Grp.*, 952 F.2d 802, 812 (4th Cir. 1991).

But these requirements must be applied in context. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). In other words, a preliminary injunction is designed "to protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir.2003).

## IV.    ARGUMENT

The Court should grant the motion because COVID-19 is not one of the "vaccine-preventable diseases" for which vaccination can be required under federal law.

### A. Defendants Can Only Require Proof of Vaccination for "Vaccine-Preventable Diseases," Which COVID-19 Is Not.

The Administrative Procedures Act ("APA") The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

The law at issue here is 8 U.S.C. § 1182, which precludes relief to green card applicants who have not shown proof of "vaccination against [certain] vaccine-preventable diseases …." Some of those diseases (like polio and hepatitis B) are listed in the statute. 8 U.S.C. § 1182(a)(1)(A)(ii). The statute also gives USCIS the power to require "any other vaccinations against vaccine-preventable diseases recommended by the [CDC's] Advisory Committee for Immunization Practices …." *Id.*

Ms. Yu has shown proof of vaccination against the diseases listed in the

JW HOWARD/ ATTORNEYS, LTD.
600 WEST BROADWAY, SUITE 1400
SAN DIEGO, CALIFORNIA 92101

statute. Yu Decl., ¶ 6. She cannot show proof of vaccination against COVID-19, though. *Id.* The USCIS has used that failure, and that failure alone, to deny her most recent application for lawful permanent residence. *Id.*, ¶¶ 6-9. And, unless enjoined, it will use that failure alone to deny her next application.

That is not proper. The COVID-19 shot does not prevent a person from becoming infected with the virus that causes COVID-19. Duriseti Decl., ¶ 8. That is a fact. Even the CDC and other government agencies have acknowledged that. *See* 86 Fed. Reg. 61,615 (Nov. 5, 2021). Thus, COVID-19 is not a "vaccine-preventable disease" and USCIS cannot deny Ms. Yu's application for lawful permanent residence based on their failure to show proof of vaccination against COVID-19. That exceeds USCIS' statutory authority.

This is not a discretionary matter that Plaintiffs are trying to control. And there is no ambiguity in the statute to interpret. *See, e.g., Guedes v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 356 F. Supp. 3d 109, 129 (D.D.C. 2019) (upholding ATF's interpretation that bump stock is a machinegun as defined under federal law).[2] Section 1182 defines the "vaccine-preventable diseases" for which proof of vaccination is required to obtain relief. The statute then delegates discretion to the CDC to recommend "any other vaccinations for vaccine-preventable diseases" to add to the list but that discretion cannot be exercised except for a "vaccine-preventable" disease. 8 U.S.C. § 1182(a)(1)(A)(ii). Since COVID-19 is not a vaccine-preventable disease, the CDC does not have the discretion to add it to the list of required immunizations and USCIS does not have the statutory authority to rely on lack of COVID vaccination to deny lawful permanent residence to those like Ms. Yu who otherwise qualify for it.

---

[2] Of course, even if the statutory language were ambiguous, Defendants' interpretation of it is no longer entitled to *Chevron* deference, as "*Chevron* is overruled. Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires." *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2273 (2024).

Thus, Plaintiffs are likely to succeed on their claim that Defendants do not have the statutory authority to require that applicants show proof of COVID-19 vaccination to obtain a green card. *See, e.g., Solid Waste Agency of N. Cook Cnty. v. U.S. Army Corps of Eng'rs*, 531 U.S. 159, 174 (2001) (ruling for plaintiffs because government exceeded its statutory authority in taking challenged action).

### B. Plaintiffs Will Suffer Irreparable Harm Without This Relief.

Plaintiffs will also suffer irreparable harm if the Court does not grant this relief.

The Fourth Circuit has recognized that "irreparable harm occurs when the threatened injury impairs the court's ability to grant an effective remedy." *Int'l Refugee Assistance Project v. Trump*, 883 F.3d 233, 270 (4th Cir.), as amended (Feb. 28, 2018), cert. granted and judgment vacated on other grounds, 585 U.S. 1028 (2018) ("*IRAP*"). It has also recognized that people "whose family members are categorically rendered ineligible for visas have demonstrated a likelihood of irreparable harm." *Id.* Indeed, federal courts across America have found that the potential separation of parents and children due to immigration policies creates irreparable harm sufficient to grant preliminary injunctive relief. *See M.G.U. v. Nielsen*, 325 F. Supp. 3d 111, 122-23 (D.D.C. 2018) (recognizing this); *Washington v. Trump*, 847 F.3d 1151, 1169 (9th Cir. 2017) (noting that separation of families is a "substantial injur[y] and even irreparable harm[ ]").

This case qualifies. Ms. Yu's husband and children are American citizens. Yu Decl., ¶¶ 2-4; Collins Decl., ¶¶ 2-4. Thus, they can remain in the United States long-term. But Ms. Yu cannot. She will be deprived of lawful permanent residence and will either have to leave America after a few months or overstay her visa and risk the legal consequences of that. Yu Decl., ¶¶ 10-12; Collins Decl., ¶¶ 10-12. That constitutes irreparable harm under federal law. *See Monster Energy Co. v. Baran*, No. EDCV19871JGBKKX, 2020 WL 1652548, at *3-4 (C.D. Cal. Mar. 26, 2020) (noting that "[a]ccrual of 'unlawful presence' has serious consequences" such that plaintiff's

JW HOWARD/ATTORNEYS, LTD.
600 WEST BROADWAY, SUITE 1400
SAN DIEGO, CALIFORNIA 92101

"irrecoverable lost wages combined with the accrual of unlawful presence constitute irreparable damage" sufficient to support preliminary injunction).

### C. The Balance of Harms Favors Plaintiffs Serves the Public Interest.

The balance of harms also favors Plaintiffs. In weighing the equities, the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citation omitted). It must also consider the public interest. But, when the government is the defendant, the balancing of the equities and the public interest factors merge. *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 766 (9th Cir. 2014).

That principle is dispositive. "There is generally no public interest in the perpetuation of unlawful agency action." *League of Women Voters of United States v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016) ("*LWV*"). In fact, the public interest demands that "governmental agencies abide by the federal laws that govern their existence and operations." *Washington v. Reno*, 35 F.3d 1093, 1103 (6th Cir. 1994). Thus, Plaintiffs' "extremely high likelihood of success on the merits is a strong indicator that a preliminary injunction would serve the public interest." *LWV*, 838 F.3d at 12; *see also Coyotl v. Kelly*, 261 F. Supp. 3d 1328, 1344 (N.D. Ga. 2017) ("[T]he public has an interest in government agencies being required to comply with their own written guidelines instead of engaging in arbitrary decision making.").

Defendants cannot show otherwise. They may speculate about the harm that would flow from having an unvaccinated person like Ms. Yu in the United States, contrary to the CDC's recommendation. But there is no prohibition on Ms. Yu entering the United States. She can enter, and has entered, the United States on a tourist visa. Yu Decl., ¶ 10. Millions of other people have entered the United States without showing proof of COVID-19 vaccination. Thus, Ms. Yu's presence in America does not pose a threat to anybody. And an injunction that prevents

Defendants from denying her green card application for failing to show proof of COVID-19 vaccination does not pose a threat to anybody either.

### D. A Nationwide Injunction is Warranted.

The Court should not delay. Ms. Yu and her family intend to travel back to the United States this spring and to re-apply for a green card as soon as possible. Yu Decl., ¶¶ 11-12; Collins Decl., ¶¶ 11-12. Granting relief now will ensure that her application is considered fairly, without the unlawful COVID-19 vaccination requirement.

The Court should also extend the injunction nationwide, to prohibit Defendants from requiring proof of COVID-19 vaccination for any green card applicants. We recognize that this is an extraordinary request. But the Fourth Circuit upheld the issuance of a nationwide injunction in the immigration context in *IRAP*. And while the Supreme Court partially stayed that injunction, it upheld it "with respect to parties similarly situated to [the plaintiffs]." *Trump v. Int'l Refugee Assistance Project*, 582 U.S. 571, 582 (2017).

That is the case here. USCIS has denied hundreds, if not thousands, of green card applications due solely to the applicant's failure to show proof of COVID-19 vaccination. Manookian Decl., ¶ 7. It is still denying them for that reason. *Id.*

Those people should not be forced to file individual lawsuits. The law is clear. Since COVID-19 is not a vaccine-preventable disease, Defendants do not have the statutory authority to require that green card applicants show proof of it to obtain lawful permanent residence.

### V.  CONCLUSION

For the foregoing reasons, the Court should grant the motion and preliminarily enjoin Defendants from continuing to require that green card applicants like Ms. Yu show proof of COVID-19 vaccination to obtain lawful permanent residence.

Respectfully submitted,

DATED: January 17, 2025

JWHOWARD ATTORNEYS, LTD.
and the MENDENHALL LAW GROUP

By: */s/Warner Mendenhall*
Warner Mendenhall
Attorneys for Plaintiffs
BENJAMIN COLLINS et al.

# **CERTIFICATE OF SERVICE**

A copy of the foregoing has been sent by the Court's Electronic Filing System to all parties of record on 1-17-2025.

/s/Warner Mendenhall
Warner Mendenhall
(Ohio Bar No. 0070165)
(District of Maryland Bar No. 30433)